UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PRIORITY SEND

CIVIL MINUTES -- GENERAL

Case No. **CV 06-6312-JFW (MANx)** Date: August 29, 2007

Title: Herbalife International, Inc. -*v*- National Union Fire Insurance Co. of Pittsburgh, PA

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

**Shannon Reilly**
**Courtroom Deputy**

**None Present**
**Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
None

**ATTORNEYS PRESENT FOR DEFENDANTS:**
None

**PROCEEDINGS (IN CHAMBERS):** **ORDER DIRECTING DEFENDANT TO FILE A FURTHER STATEMENT REGARDING ITS PRINCIPAL PLACE OF BUSINESS**

On October 3, 2006, Plaintiff Herbalife International, Inc. ("Plaintiff") filed a Complaint against Defendant National Union Fire Insurance Company of Pittsburgh, PA ("Defendant") alleging that this Court has subject matter jurisdiction over this action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. On November 8, 2006, the Court issued an Order directing Defendant to file a statement identifying its principal place of business using the Ninth Circuit's test for determining a corporation's principal place of business as set forth in *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).

On November 17, 2006, Defendant filed a Statement Regarding Its Principal Place of Business in which Defendant claimed that, based on the factors set forth by the Ninth Circuit in *Tosco*, Defendant's principal place of business is located in New York. Specifically, Defendant informed the Court that "[o]f a total of approximately 396 employees who work directly for National Union, about 268 (or 70%) are based in National Union's New York offices, as compared to only 36 employees who are based in California." However, Defendant also informed the Court that it earned 16.8% of its premium revenues in California in 2005, and only 9% of its premiums that year in New York.

It is not clear from Defendant's response how Defendant marketed and sold insurance worth 16.8% of its total premium revenue in 2005 to customers in a state in which Defendant has only 36 employees. Accordingly, the Court hereby orders Defendant to file a further statement regarding its principal place of business in which Defendant identifies the number of individuals, including surplus line brokers, who are authorized or licensed to sell insurance for Defendant in California as compared to other states, including New York.



Initials of Deputy Clerk sr

Additionally, Defendant shall also describe in detail its relationship to American International Group ("AIG") and the impact of that relationship on the determination of Defendant's principal place of business. Defendant shall file the further statement with the Court no later than September 7, 2007.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.



Initials of Deputy Clerk _sr_