THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

PRIORITY SEND

### CIVIL MINUTES -- GENERAL

Case No.   **CV 06-6312-JFW (MANx)**                                Date: September 19, 2007

Title:   Herbalife International, Inc. -v- National Union Fire Insurance Co. of Pittsburgh, PA

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [filed 8/15/07; Docket No. 68];

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [filed 7/12/07; Docket No. 59];

ORDER DISCHARGING ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE STAYED OR DISMISSED

   On July 12, 2007, Plaintiff Herbalife International, Inc. ("Plaintiff" or "Herbalife") filed a Motion for Partial Summary Judgment. On August 14, 2007, Defendant National Union Fire Insurance Company of Pittsburgh, PA ("Defendant" or "National Union") filed its Opposition. On August 20, 2007, Plaintiff filed a Reply.

   On August 15, 2007, Defendant filed a Motion for Summary Judgment. On August 27, 2007, Plaintiff filed its Opposition. On September 17, 2007, Defendant filed a Reply.

   Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for September 24, 2007 is hereby vacated and the matters taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

ENTERED
CLERK, U S DISTRICT COURT
SEP 2 0 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Deputy Clerk   sr

## I. Factual Background

Plaintiff Herbalife markets and sells nutritional supplements, weight management products, and personal case products through a multi-level network of independent distributors. Defendant National Union is an insurance company that issued an Executive Organization Liability Insurance Policy, policy number 978-20-24, to Herbalife covering the period from December 16, 2004 through December 16, 2005 (the "Policy").

"Coverage B" of the Policy provides that "[t]his policy shall pay the Loss of [Herbalife] arising from a Securities Claim made against [Herbalife] for any Wrongful Act of [Herbalife]." Ex. F. to Decl. of D. Cusack at NU00472. A "Securities Claim" is defined by the Policy as:

> [A] Claim, other than an administrative or regulatory proceeding against, or investigation of an Organization made against any Insured:
> (1) alleging a violation of any federal, state, local or foreign regulation, rule or statute regulating securities (including but not limited to the purchase or sale or offer or solicitation of an offer to purchase or sell securities) which is:
>> (a) brought by any person or entity alleging, arising out of, based upon or attributable to the purchase or sale of offer or solicitation of an offer to purchase or sell any securities of an Organization; or
>> (b) bought by a security holder of an Organization with respect to such security holder's interest in securities of such Organization; or
>
> (2) brought derivatively on the behalf of an Organization by a security holder of such Organization.

*Id.* at NU00476. A "Wrongful Act" is defined, in relevant part, as "any actual or alleged breach of duty, neglect, error, misstatement, misleading statement, omission or act by such Organization, but solely in regard to a Securities Claim." *Id.* at NU 00477. The Policy does not create a duty to defend, however, the Policy does require National Union to "advance, excess of any applicable retention amount, covered Defense Costs no later than ninety (90) days after the receipt by [National Union] of such defense bills." *Id.* at NU00481. The Policy also contains a $1,000,000 self-insured retention for Securities Claims. *Id.* at NU00467.

On February 17, 2005, Dawn Minton and Rebecca Adams each filed separate class action complaints against Herbalife in Los Angeles County Superior Court alleging that Herbalife defrauded a class of low level distributors through its administration of an endless chain scheme known as the "Herbalife Sales and Marketing Plan." The state court consolidated the two actions, and on January 17, 2006, a first amended consolidated class action complaint was filed under the caption *Minton v. Herbalife International, Inc., et al.*, Case No. BC338305 (the "*Minton* Action"). The *Minton* Action alleges the following causes of action against Herbalife: (1) Fraud and deceit; (2) Endless chain scheme in violation of California Penal Code § 327; (3) Violations of California Seller Assisted Marketing Plan Law, California Civil Code § 1812.200, *et seq.*; and (4) Unlawful, unfair, or deceptive business practices in violation of California Business and Professions Code § 17200, *et seq.*

On April 29, 2005, Herbalife tendered the *Minton* Action to National Union for coverage under the Policy. National Union denied coverage for the claim. On October 3, 2006, Herbalife filed the present action against National Union  Plaintiff's Second Amended Complaint, filed on February 21, 2007, alleges the following claims for relief: (1) Breach of contract; (2) Declaratory relief; and (3) Breach of the implied covenant of good faith and fair dealing. Plaintiff now moves for partial summary judgment and seeks a declaration from this Court that the *Minton* Action constitutes a "Securities Claim" under the terms of the Policy. See Plaintiff's Motion at 1. Plaintiff also "seeks an order requiring National Union to begin reimbursing all reasonable defense costs." *Id.* Defendant moves for summary judgment on the grounds that the *Minton* Action does not allege a "Securities Claim" as defined by the Policy, and therefore the Policy does not provide coverage for the *Minton* Action.

## II.     Legal Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A party opposing a properly made and supported motion for summary judgment may not rest upon mere denials but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."). In particular, when the non-moving party bears the burden of proving an element essential to its case, that party must make a showing sufficient to establish a genuine issue of material fact with respect to the existence of that element or be subject to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is not enough to defeat summary judgment; there must be a genuine issue of material fact, a dispute capable of affecting the outcome of the case." *American International Group, Inc. v. American International Bank*, 926 F.2d 829, 833 (9th Cir  1991) (Kozinski, dissenting).

An issue is genuine if evidence is produced that would allow a rational trier of fact to reach a verdict in favor of the non-moving party. *Anderson*, 477 U.S. at 248. "This requires evidence, not speculation." *Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1225 (9th Cir. 1999). The Court must assume the truth of direct evidence set forth by the opposing party. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 507 (9th Cir. 1992). However, where circumstantial evidence is presented, the Court may consider the plausibility and reasonableness of inferences arising therefrom. *See Anderson*, 477 U.S. at 249-50; *TW Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631-32 (9th Cir. 1987). Although the party opposing summary judgment is entitled to the benefit of all reasonable inferences, "inferences cannot be drawn from thin air; they must be based on evidence which, if believed, would be sufficient to support a judgment for the nonmoving party." *American International Group*, 926 F 2d at 836-37. In that regard, "a mere 'scintilla' of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997).

## III. Discussion

"Interpretation of an insurance policy is a question of law and follows the general rules of contract interpretation." *MacKinnon v. Truck Ins. Exchange*, 31 Cal. 4th 635, 647 (Cal. 2003).[1] "A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." Cal. Civ. Code § 1636. "Such intent is to be inferred, if possible, solely from the written provisions of the contract. The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage' controls judicial interpretation. Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning." *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 822 (Cal. 1990) (internal citations omitted).

"The determination of ambiguity is a question of law" for the Court to decide. *City of Chino v. Jackson*, 97 Cal. App. 4th 377, 385 (2002). "When interpreting a contract, even when the document is unambiguous on its face, a judge is required to give 'at least a preliminary consideration [to] all credible evidence offered to prove the intention of the parties.'" *Jones-Hamilton Co v. Beazer Materials & Services, Inc.*, 973 F.2d 688, 692 (9th Cir. 1992) (quoting *Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 69 Cal. 2d 33, 40-41 (1968)). "A policy provision will be considered ambiguous when it is capable of two or more constructions, both of which are reasonable. But language in a contract must be interpreted as a whole, and in the circumstances of the case, and cannot be found to be ambiguous in the abstract. Courts will not strain to create an ambiguity where none exists." *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 18-19 (Cal. 1995) (internal citations omitted).

The Court has reviewed the Policy and finds that, as a matter of law, Section 2(y) which defines a "Securities Claim" is unambiguous on its face. The Policy language relevant to this case explicitly and clearly states that in order to constitute a "Securities Claim," a claim must allege a violation of a state statute "regulating securities." The first amended consolidated class action complaint in the *Minton* Action alleges claims arising under or involving the following California state statutes: (1) California Penal Code § 327; (2) California Civil Code §1689.2; (3) California Civil Code § 1812.200, *et seq.*; and (4) California Business and Professions Code § 17200, *et seq.* The Court has reviewed each of the foregoing California state statutes and finds that, as a matter of law, none of those statutes "regulate securities." As a result, because the *Minton* Action does not allege a violation of a state statute "regulating securities," the claims in the *Minton* Action, as presently alleged, are not covered under the terms of the Policy.

Accordingly, the Court finds that there are no genuine issues of material fact[2] and Defendant is entitled to judgment as a matter of law on each of Plaintiff's claims for relief.

---

[1] The parties agree that California law governs the interpretation of the Policy.

[2] With respect to Plaintiff's attempt to rely on the position taken by National Union with respect to coverage for the *Jacobs* Action, the Court finds that there are no genuine issues of fact and that it is clear from the evidence submitted by the parties that National Union did not take an inconsistent position in the *Jacobs* Action.

## IV.   Conclusion

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

The Order to Show Cause Why Action Should Not Be Stayed or Dismissed is hereby **DISCHARGED**.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.